## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MATTHEW WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| AERPIO PHARMACEUTICALS, INC., | ) | |
| STEVE PRELACK, ANUPAM DALAL, | ) | |
| CALEY CASTELEIN, CHERYL COHEN, | ) | |
| JOSEPH GARDNER, and PRAVIN DUGEL, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      On May 16, 2021, Aerpio Pharmaceuticals, Inc.'s ("Aerpio" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Aadi Bioscience, Inc. ("Aadi") and Aspen Merger Subsidiary, Inc. ("Merger Sub").

2.      Under the terms of the Merger Agreement, among other thing: (i) Aadi will merge with and into Merger Sub, with Aadi surviving as a wholly-owned subsidiary of Aerpio; and (ii) Aerpio will issue shares of Aerpio common stock to the stockholders of Aadi (the "Proposed Transaction").

3.      On June 21, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the

Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

<u>**JURISDICTION AND VENUE**</u>

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

<u>**PARTIES**</u>

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Aerpio common stock.

9.      Defendant Aerpio is a Delaware corporation and a party to the Merger Agreement. Aerpio's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "ARPO."

10.     Defendant Steve Prelack is Chairman of the Board of the Company.

11.     Defendant Anupam Dalal is a director of the Company.

12.     Defendant Caley Castelein is a director of the Company.

13.     Defendant Cheryl Cohen is a director of the Company.

14.     Defendant Joseph Gardner is Founder, President, and a director of the Company.

15.     Defendant Pravin Dugel is a director of the Company.

16.     The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

17.     Aerpio is a biopharmaceutical company focused on developing compounds that activate Tie2 for indications in which Aerpio believes that activation of Tie2 may have therapeutic potential.

18.     On May 16, 2021, Aerpio's Board caused the Company to enter into the Merger Agreement.

19.     Under the terms of the Merger Agreement, among other thing: (i) Aadi will merge with and into Merger Sub, with Aadi surviving as a wholly-owned subsidiary of Aerpio; and (ii) Aerpio will issue shares of Aerpio common stock to the stockholders of Aadi.

20.     According to the press release announcing the Proposed Transaction:

Aerpio Pharmaceuticals, Inc. ("Aerpio") (Nasdaq: ARPO), a biopharmaceutical company focused on developing compounds that activate Tie2, and Aadi Bioscience, Inc. ("Aadi"), a privately-held biopharmaceutical company focusing on precision therapies for genetically-defined cancers with alterations in mTOR pathway genes, announced their entry into a definitive merger agreement. Following the proposed merger, Aerpio will change its name to "Aadi Bioscience, Inc." and the combined public company will focus on advancing Aadi's lead product candidate, FYARRO$^{TM}$ (sirolimus albumin-bound nanoparticles for injectable suspension; *nab*-sirolimus; ABI-009). . . .

Leadership

Upon closing of the transaction, the combined company will be led by Aadi's chief executive officer, Neil Desai, and headquartered in Los Angeles, California. Aadi's board members Neil Desai and Richard Maroun; Aadi's board observer Karin Hehenberger; and current Aerpio board members Anupam Dalal and Caley Castelein will be members of the board of directors of the combined company. In addition, Behzad Aghazadeh, managing partner of Avoro Capital Advisors and Avoro Ventures, will also join the board of the combined company upon the closing of the transaction.

Transaction Details

Under the terms of the merger agreement, shareholders of Aadi will receive shares of newly issued Aerpio common stock. On a pro forma basis, shareholders of Aadi will own approximately 66.8% and shareholders of Aerpio will own approximately 33.2% of the combined company upon the closing of the merger, prior to the additional PIPE financing transaction. Following the closing of the concurrent PIPE financing, Aerpio shareholders will own approximately 14.7% of the combined company. The actual allocation is subject to adjustment based on Aerpio's cash balance at the time of closing. . . .

The merger agreement has been approved by the boards of directors of both companies. The transaction is expected to close in the third quarter of 2021, subject to approval by Aerpio's shareholders, the completion of the PIPE financing, and customary closing conditions. The PIPE financing is expected to close concurrently with, and is conditioned upon, the closing of the merger. . . .

Advisors

Ladenburg Thalmann & Co. Inc. is acting as financial advisor to Aerpio for the transaction and Goodwin Procter LLP is serving as its legal counsel. Perella Weinberg Partners LP and Piper Sandler & Co. are acting as financial advisors to Aadi for the transaction and Wilson Sonsini Goodrich & Rosati, P.C. is serving as legal counsel to Aadi. Jefferies LLC; Cowen and Company, LLC; and Piper Sandler & Co. are acting as placement agents for the PIPE financing.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

21.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed

Transaction.

22.     As set forth below, the Proxy Statement omits material information.

23.     First, the Proxy Statement omits material information regarding the Company's and Aadi's financial projections.

24.     The Proxy Statement fails to disclose the Company's financial projections.

25.     With respect to Aadi's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) all assumptions underlying the projections.

26.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Ladenburg Thalmann & Co. Inc. ("Ladenburg").

28.     With respect to Ladenburg's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the assumptions underlying the adjustments made to the projections; (ii) the basis for assuming a 28.0% corporate tax rate; (iii) the individual inputs and assumptions underlying the discount rates; and (iv) the basis for assuming no terminal value.

29.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

30.     Third, the Proxy Statement omits material information regarding the Company's "second financial advisor."

31.     The Proxy Statement fails to disclose: (i) the amount of compensation the second financial advisor has received or will receive in connection with its engagement; (ii) the amount

of the second financial advisor's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether the second financial advisor has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by the second financial advisor for providing such services.

32.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

33.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Aerpio**

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Aerpio is liable as the issuer of these statements.

36.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39.    The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

40.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

41.    Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants**

42.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.    The Individual Defendants acted as controlling persons of Aerpio within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Aerpio and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after

7

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

46.    By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

47.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or

necessary to make the statements contained therein not misleading;

      D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 6, 2021                    **RIGRODSKY LAW, P.A.**

                              By:  */s/ Gina M. Serra*
                                     Seth D. Rigrodsky
                                     Timothy J. MacFall
                                     Gina M. Serra
                                     Vincent A. Licata
                                     825 East Gate Boulevard, Suite 300
                                     Garden City, NY 11530
                                     Telephone: (516) 683-3516
                                     Email: sdr@rl-legal.com
                                     Email: tjm@rl-legal.com
                                     Email: gms@rl-legal.com
                                     Email: vl@rl-legal.com

                                     *Attorneys for Plaintiff*